# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 07 CR 524 -3 |
| v. ) | |
| ) | Judge John W. Darrah |
| DEWANZEL SINGLETON, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Defendant, Dewanzel Singleton ("Singleton"), was charged by indictment with conspiracy to possess with intent to distribute in excess of five kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846 ("Count I"). Singleton was also charged with knowingly using a communication facility in the commission of the conspiracy in violation of 21 U.S.C. § 843(b) ("Count III"). Before the Court is the Defendant's Motion to Dismiss the Indictment.

## BACKGROUND

On September 12, 2007, the Grand Jury for the Northern District of Illinois returned a five-count indictment against the Defendant, Singleton, along with two co-defendants. Count I and Count III were against Singleton. Count I states:

> Beginning at least as early as in or about 1995, and continuing until in or about October 2003, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere, LAKEITH CROSS, DAVID MCDANIEL, and DEWANZEL SINGLETON, defendants herein, conspired with Martin Caldwell and with others known and unknown to the Grand Jury knowingly and intentionally to distribute and to possess with intent to distribute a controlled substance, namely, in excess of 5 kilograms of mixtures containing cocaine, a Schedule II Narcotic Drug Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1); All in violation of Title 21, United States Code, Section 846.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 7(c)(1) requires that an indictment provide: "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1).

When evaluating the sufficiency of an indictment, the court looks for two specific protections that indictments are intended to guarantee: (1) that the indictment contains the elements intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet; and (2) in the case that other proceedings for a similar offense are taken against the defendant, whether the record shows to what extent he may plead a prior acquittal or conviction. *Russell v. U.S.*, 369 U.S. 749, 763-4, 82 S. Ct. 1038, 1047 (1962) ("*Russell*"). In an indictment based on a statute, it is not sufficient to set forth the offense in the words of the statute, unless those words fully, directly, and expressly, without any ambiguity, set forth all the elements necessary for the offense. *Russell*, 369 U.S. at 765 (citing *U.S. v. Carll*, 105 U.S. 611, 612, 26 L.Ed. 1135(1881)).

The relevant statutory language for a charge of conspiracy under 21 U.S.C. § 846 provides:

> Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

The relevant statutory language of 21 U.S.C. 841(a)(1) provides:

> Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally – (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance.

21 U.S.C. § 846.

2

## ANALYSIS

In support of its Motion to Dismiss, the Defendant asserts multiple arguments for why the conspiracy count (Count I) should be dismissed. First, the Defendant argues that the indictment fails to list a specific agreement in which the Defendant participated to possess or distribute cocaine. The Defendant further argues that the indictment fails to allege a controlled drug purchase, particular drug transaction, exchange of drugs involving the Defendant, or conversations involving the Defendant regarding the distribution of drugs. Next, the Defendant argues that the indictment merely states that a conspiracy was present, without listing a single element or supporting fact. Finally, the Defendant argues that because a conspiracy is necessary for Count III, once Count I is dismissed, so too must Count III.

In response, the Government argues that the minimum indictment requirements of a conspiracy charge under 21 U.S.C. § 846 were met in this case. The Government relies on three Seventh Circuit cases that state the following requirements for a Section 846 conspiracy charge: (1) an allegation of a conspiracy to distribute drugs, (2) the time during which the conspiracy existed, and (3) the statute alleged to have been violated. *U.S. v. Canino*, 949 F.2d 928, 949 (7th Cir. 1991); *U.S. v. Brown*, 934 F.2d 886, 889 (7th Cir. 1991); and *U.S. v. Dempsey*, 806 F.2d 766, 769 (7th Cir. 1986). The Government further asserts that under *U.S. v. Shabani*, 513 U.S. 10 (1994), proof of an overt act is not required to establish a violation of the drug conspiracy statute and that the Government is not required to assert a specific agreement, transaction, exchange or conversation, as argued by the Defendant.

The Court finds the Defendant's arguments unpersuasive. It should be noted that the cases the Defendant cites in support of his argument that the Government has failed to establish a conspiracy are cases that did not decide whether an indictment was sufficient but, instead, whether the government proved a conspiracy at trial. *U.S. v. Testa*, 33 F.3d 747 (7th Cir. 1994); *U.S. v. Fagan*, 35 F.3d 1203 (7th Cir. 1994); *U.S. v. Span*, 170 F.3d 798 (7th Cir. 1998). The Court finds these cases inapposite as the holdings of those cases involve the merits of the case and proof presented at trial as opposed to the sufficiency of an indictment, which is at issue in this case. Moreover, the Defendant does not cite any authority requiring a specific purchase, transaction, exchange, or conversation to be alleged in a conspiracy indictment.

The Government persuasively supported its argument with binding authority. The Court finds that the indictment properly alleged a drug conspiracy under 21 U.S.C. § 846 by alleging a drug conspiracy, the date of the conspiracy, and that the conspiracy involved the violation of 21 U.S.C. § 841(a)(1). Further, the Court finds that the indictment is not required to allege a specific purchase, transaction, exchange, or conversation. Under the rules set forth in *Canino, Brown,* and *Dempsey*, Count I of the indictment is sufficient.

Because the Defendant's only argument for dismissing Count III is contingent upon the dismissal of Count I, the issue is moot.

## CONCLUSION

For the foregoing reasons, the indictment clearly sets forth the elements of the offenses and apprises the Defendant of what he must be prepared to meet, while also providing protection against double jeopardy proceedings. Therefore, Defendant's Motion to Dismiss the Indictment is denied.

Dated: November 3, 2008

JOHN W. DARRAH
United States District Court Judge

NOV 0 3 2008

5